ORIGINAL FILED

**PAULINE CLAY HUNTER**
**645 W. Ninth Street, Unit 110-239**
**Los Angeles, California 90015**
Defendant In: *Pro Per*

2022 MAY 17  AM 10: 28

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

BY _____

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CASE NO: **CR22-00212-RGK**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                    Plaintiff.<br><br>vs.<br><br>PAULINE CLAY HUNTER<br><br>                    Defendant. | California Superior Court, County of Los Angeles Case No.: BA453787<br><br>**NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION OF PAULINE HUNTER PURSUANT TO 28 USC 1442, 1443 AND 1455 AND REQUESTING ANSWERS TO FEDERAL QUESTIONS PURSUANT TO 28 USC 1331 AND REQUEST FOR LEAVE TO FILE AFTER ARRAIGNMENT** |

**TO CENTRAL DISTRICT COURT OF THE UNITED STATES AND THE**

**LOS ANGELES COUNTY SUPERIOR COURT:**

**PLEASE TAKE NOTICE** that pursuant to the provisions of 28 U.S.C. §§ 1442,

1443, and 1455, Defendant PAULINE CLAY HUNTER, erroneously named

1

Pauline Hunter, hereby submits the following notice of removal of the above-captioned state criminal prosecution, together with a copy of all pleadings, process and orders served upon Defendant. Defendant hereby submits the following notice of removal of the above-captioned state criminal prosecution, signed pursuant to Rule 11 of the *Federal Rules of Procedure,* together with a copy of all process, pleadings and orders served upon Defendant.

This notice will be based upon this notice; the short and plain statement setting forth the grounds for removal attached hereto, the attached pleadings and orders, for which this Court is respectfully requested to take judicial notice, and such other evidence that maybe received at an evidentiary hearing.

*Pursuant to 28 U.S.C 1455, subdivision (b), Ms. Hunter respectfully requests leave to file this notice of removal more than 30 days after her arraignment. The grounds for this request shall be set forth below.*

Dated: May 16, 2022                                    **Respectfully submitted,**

By: *Pauline Clay Hunter*
    **PAULINE CLAY HUNTER**

## GROUNDS FOR RELIEF

### I.
### JURISDICTION

1.     Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C §§ 1442 and 1443.  Section 1442 authorizes the removal to federal court of a state criminal prosecution commenced against any officer of the courts of the United States, for or relating to any act under color of office or in the performance of her duties; Section 1443 authorizes removal to federal court of a state criminal prosecution: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

### II.
### VENUE

2.     Venue is proper in the Central District Court of California pursuant 28 U.S.C. §1455 because the criminal prosecution is pending in the Los Angeles Superior Court for the State of California.

### III.
### PARTIES

3.     Defendant PAULINE CLAY HUNTER ("Ms. Hunter") is an elderly individual, who was an appointed federal officer residing in Los Angeles within

the provision of section 1442 and authorized to remove state prosecution

commenced against her for any act under the color of such office at the

commencement of the herein mentioned case from which these Federal questions

rise

    4.    Ms. Hunter was appointed by the Central District Court for the United

States to serve as a guardian-ad-litem ("GAL") in a civil rights action on **March

31, 2014**. A true and correct copy of the Court order appointing Ms. Hunter as the

Minors GAL is attached hereto and marked as **Exhibit 1.**

    5.    Tal Kahana, Los Angeles County Deputy District Attorney

("Prosecutor") is the California State Agency that commenced a criminal

prosecution against Ms. Hunter in the Los Angeles County Superior Court in the

case entitled *People of the State of California v. Pauline Hunter* (Case No.

BA453787). A true and correct copy of the Felony Complaint for Arrest Warrant

is attached hereto and marked as **Exhibit 2.**

    6.    The Los Angeles Superior Court located at 211 Temple St.

Department 121 presided by the Honorable Richard S. Kemalyan is the California

Superior Court wherein the criminal prosecution was commenced against Ms.

Hunter.

## IV.
## <u>GENERAL ALLEGATIONS</u>
### "Civil Rights Action GAL Appointment"

7.      On April 2, 2014, Minors commenced a civil rights action .

8.      Ms. Hunter submitted an application for the appointment as GAL pursuant to *Federal Rules of Civil Procedure*, Rule 17(c) and *California Code of Civil Procedure* Section 373 to bring a civil rights action under 42 U.S.C. § 1983. A true and correct copy of the Application for Appointment as GAL is attached hereto and marked as **Exhibit 1.**

9.      On March 31, 2014, Hon. United States Magistrate Judge, Michael R. Wilner, ordered that Ms. Hunter be appointed GAL. Notably, Ms Hunter is in good standing and is eligible to serve. A true and correct copy of the Court order appointing Ms. Hunter as GAL is attached hereto and marked as **Exhibit 1.**

10.      On April 28, 2014, the  Superior Court reviewed all Ms. Hunter's submissions and evaluated her training, background, qualifications and character. At the conclusion of the hearing ordered the children **released** forthwith and implicitly granted Ms. Hunter's custody petition.

11.      On March 3, 2016, Ms. Hunter was illegally arrested from the courtroom of Department 77 at the Stanley Mosk Courthouse while performing her duties as the Guardian Ad Litem pursuant to 18 U.S.C. 3509(h)(2). Ms. Hunter was performing on an action that was brought by one of defendants to the federal civil rights action.

12.   The California DOJ claimed to be executing a juvenile dependency

warrant issued by another defendant to the federal civil rights action, During, the aforementioned illegal arrest, Ms. Hunter's valid identification and court issued authorization documentation were confiscated.  Importantly, Ms. Hunter was **performing duties as a federally appointed officer** of the court when the state criminal prosecution commenced against her thereby conferring jurisdiction to this Court pursuant to the provisions of 28 U.S.C §§ 1442. Notably, Ms. Hunter filed for injunctive relief from these unconstitutional warrants issued against her in both the Los Angeles Superior Court case # BC580327 and Federal District Court case # 8: 16- OR-0007 JAK-1, Ninth Circuit Appeal case # 16-55763.

13.    Ms. Hunter's illegal arrest out the Los Angeles Superior Court denied her the right to perform her duties as GAL in violation 18 USC 1503 and 18 USC 1509), interfered with a federal officer in performing her duties and denied her wards capacity to participate in court which violates the law providing for the equal civil rights of citizens of the United States pursuant to 28 USC 1443(1) and 28 USC 1443 (2).

14.    After the illegal arrest out the Los Angeles Superior Court, Ms. Hunter was transported to the Orange County jail and then brought before Defendant to the federal civil rights action, dependency court commissioner. The Defendant demanded disclosure of the whereabouts of the minors  Ms. Hunter exercised her Fifth Amendment privilege and invoked her federal immunity pursuant to 18 U.S.C 3509 (h)(3), a provision that was supposed to protect her from being

6

compelled to answer such a question. The state court responded with imprisoning Ms. Hunter under its coercive civil contempt power where she remained imprisoned for a year under the civil contempt order despite filing numerous writ petitions at every level of the state court, including Orange County criminal case number 15CF0486, California Supreme Court S237739, California Court of Appeal G054079. Consequently, after Ms. Hunter exhausted at the state she filed a Federal Habeas Corpus (District case number SACV 17-00671 JAK).

### *"A Guardian Ad Litem Is An Officer Of The Court"*

15.   "A guardian ad litem is appointed as ***representative of court*** to act for minor in a cause, with authority to engage counsel, file suit and to prosecute, control and direct litigation, and ***as officer of the court*** guardian ad litem has full responsibility to assist the court to secure the just, speedy and inexpensive determination of action." *Fong Sik Leung v. Dulles*, C.A.9 (Cal.) 1955, 226 F.2d (Emphasis Added). "The guardian ad litem is but an **officer of the court**." *Cole v. Superior Court*, 63 Cal. 86, 89 (1883). (Emphasis Added). The purpose of the federal officer removal statute "was to take away from the state court the indefeasible power to hold an officer or agent of United States criminally or civilly liable for an act allegedly performed in execution of any of powers or responsibilities of federal sovereign..." State of N. C. v. Carr, C.A.4 (N.C.) 1967, 386 F.2d 129. As a result, "congressional determination that federal officers and

federal government itself require protection of federal forum should not be frustrated by a narrow, grudging interpretation..." of the removal statute. *Willingham v. Morgan, U.S.Kan.*1969, 89 S.Ct. 1813, 395 U.S. 402, 23 L.Ed.2d 396, on remand 424 F.2d 200. See, also, *Williams v. Brantley*, W.D.N.Y.1980, 492 F.Supp. 925, affirmed 738 F.2d 419; *Davenport v. Borders*, D.C.Ga.1979, 480 F.Supp. 903; *Dixon v. Georgia Indigent Legal Services, Inc.*, D.C.Ga.1975, 388 F.Supp. 1156, affirmed 532 F.2d 1373. Accordingly, the Federal Officer Removal Statute must be liberally construed. *Van Horn v. Arkansas Blue Cross and Blue Shield*, E.D.Ark.2007, 629 F.Supp.2d 905. Indeed, the Supreme Court "has mandated a generous interpretation of the federal officer removal statute...." *Durham v. Lockheed Martin Corp.* (9th Cir. 2006) 445 F.3d 1247, 1252.

16.   The appointment of a GAL is more than a mere formalism. *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.* (9th Cir. 1986) 795 F.2d 796, 805. A GAL is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation, including entering into binding contracts for the retention of counsel and expert witnesses and may settle the claim on behalf of his ward. *Id.* "As an officer of the court, the guardian ad litem has full responsibility to assist the court to secure a just, speedy and inexpensive determination of the action." *Noe v. True*, 507 F.2d 9, 12 (6th Cir.1974) (per curiam) (quoting Fong Sik Leung v. Dulles, 226 F.2d 74, 82

NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION BY DEFENDANT PAULINE HUNTER

(9th Cir.1955) (Boldt, D.J., concurring).

17.   Moreover, a GAL's power is not unchecked. Throughout the litigation, a GAL acts under the court's supervision and is an officer of the court. *Neilson v. Colgate–Palmolive Co.*, 199 F.3d 642, 652 (2d Cir.1999); *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir.1978). "[E]very step in the proceeding occurs under the aegis of the court." *Dacanay*, 573 F.2d at 1079. For example, although a GAL "may negotiate a proposed compromise to be referred to the court, he cannot render such a compromise effective merely by giving his consent.... It is the court's order approving the settlement that vests the guardian ad litem with the legal power to enforce the agreement." *Id.* (citations omitted). The court can also remove or replace the guardian ad litem if he or she does not properly represent the ward's interests. *Neilson*, 199 F.3d at 652 (citing *Hull By Hull v. United States*, 53 F.3d 1125, 1127 n. 1 (10th Cir.1995), and *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir.1989). This may be necessary if the guardian ad litem faces a conflict of interest. See, e.g., *Z.A. ex rel. K.A. v. St. Helena Unified Sch. Dist.*, No. 09–03557, 2010 WL 370333, at *4 (N.D.Cal. Jan. 25, 2010.

18.   *Federal Rules of Civil Procedure*, Rule 17(c) provides that a court must appoint a GAL to protect a minor if the minor does not have a general guardian. Under 18 U.S.C. Section 3509 (h), a GAL "shall be presumed to be acting in good faith and shall be immune from civil and criminal liability for complying with the

guardian's lawful duties.

19. As GAL, Ms. Hunter is an appointed "officer" of the United States Court pursuant to a federal law designed to protect and guarantee children have equal rights to bring civil rights claims. Moreover, Ms. Hunter has Supremacy Clause immunity against claims brought against for performing acts in the capacity as a GAL. See 18 U.S.C. 3509(h)(3).

20. Since March 31, 2014 has represented minors in all levels of courts, Ms. Hunter has discharged her duties as a Federal GAL in a manner that does not violate federal law or statutes. The state may not impose criminal penalties on a federal officer for conduct that is concededly within his or her federal authority. Further, it is federal jurisdiction that determines whether the officer has exceeded bounds of that authority in any particular situation.

### *" Criminal Case in Los Angeles County"*

21. Upon information and belief, the Orange County District Attorney contacted the child abduction unit of the Los Angeles County District Attorney, prompting filing of criminal charges against Ms. Hunter in retaliation for her actions in performing her duties as GAL.

22. Upon information and belief, the Offices of the Orange County District Attorney and Los Angeles District Attorney intentionally colluded in filing the underlying criminal case in the Los Angeles Superior Court for perjury on or

about January 19, 2017. See **Exhibit 2.**

23.  Incidentally, while being held on alleged civil contempt in county jail on or about January 20, 2017, 6 months after being remanded to county jail after invoking immunity pursuant to 18 USC 3509(h) (2)  and 10 months after her first illegal arrest on  March 3, 2016,), Ms. Hunter was served an "850 penal code advisement for a 118 (a) perjury charge" that is related to the herein case.

24. In addition to retaliating against Ms. Hunter for performing her duties as GAL under FRCP 17, a primary motivating factor in filing the underlying criminal case was animus toward Ms. Hunter acting under the color of authority to ensure the equal rights of her wards pursuant to law.

25.  **On September 14, 2017,** The Los Angeles District Attorney, Tal Kahana filed a Felony Information in the Los Angeles Criminal Case alleging Seven (6) Counts of perjury on a DMV form. Notably, the dates of the allegation counts range from September 15, 2003 (13 years 4 months before the alleged January 20, 2017 request for arrest warrant date) to May 22, 2014 (2 years 7 months before the alleged January 20, 2017 request for arrest warrant date). Interestingly, if calculated from the case filing 9/1/2017  or the date of the+ information filing September 14, 2017 none of the charges have been **filed** within the statute of limitation pursuant to California law which the California state legislature has set the statute of limitations for perjury at 3 years. However, even if

the January 20, 2017 date is used four (4) of the six (6) counts are clearly beyond the legal statute by any calculation. As for the remaining two (2) alleged counts dated March 2014 and May 2014, they fall within the time frame of Ms. Hunter serving as a federal GAL. Moreover, it was this valid identification which was confiscated from her while performing as GAL at the time of her illegal arrest from a Stanley Mosk Courtroom. Importantly, Ms. Hunter's possession of valid identification was necessary to perform as a federal officer. Moreover, Ms. Hunter had a legal obligation and a right to maintain identification as an officer of the federal court. Further, Ms. Hunter's identification is the **basis** for the charges against her in the Los Angeles County Superior Court. Finally, the California Department of Motor Vehicles had not suspended or revoked Ms. Hunter's identification nor had they noticed her of any issue or concern. Moreover, both Federal Social Security Administration and the California DMV has confirmed the validity of her identification as a result Mrs. Hunter continued to maintain valid identification issued by the California DMV until Mr.Ed Castellon's involvement.

26. However, on January 19, 2017 Ed Castellon, DMV investigation officer signed under penalty of perjury a Declaration for Bail Deviation requesting a deviation from the felony bail schedule and that bail should be fixed at $180,000. Mr. Castellon, DMV investigator further falsely asserted that Ms. Hunter was "wanted for federal weapons investigation by the DOJ." He goes on to falsely characterize Ms. Hunter as a "probable scam artist" and further "with no ties to the

community, job or address." Notably, at the time Mr. Castellon, DMV investigator submitted this declaration, Ms. Hunter was being illegally held on contempt charges. Moreover, it is **not** signed by a judge. the A true and correct copy of the Declaration for Bail Deviation is attached hereto and marked as **Exhibit 3**.

27.  Ultimately, the bail was $100,000.Ms. Hunter posted bail on 7/17/17 as she had been transferred from Orange County Jail (one year on contempt charges /no bail) to Los Angeles Jail. However, this amount is not in line with the Felony Bail Schedule from the Superior Court of California, County of Los Angeles which shows a $25,000 amount. Further troubling are  Mr. Castellon's calculations  which are overly inflated.

28. Most alarming, is the bail request is only signed by DA Tal Hanana and the DMV investigator  Ed Castellon. There isn't a Judge's signature on the form.

29. The only causal nexus between Ms. Hunter and the charged offenses by the Prosecutor, Tal Kahana is Ms. Hunter's performance of her duties as United States Court officer pursuant to her appointment as a Federal GAL under *Federal Rules of Civil Procedure*, Rule 17(c).

30. Upon information and belief, the Prosecutor, Tal Kahana commenced the criminal prosecution against Ms. Hunter for the sole purpose of preventing her from performing her duties, under the color of authority as a federal agent, pursuant to federal law, enabling minors and incompetents to have equal access to the United States Court system.

31. Upon information and belief, the Prosecutor , Tal Kahana commenced and continues the criminal prosecution against Ms. Hunter as a result of acts Ms. Hunter performed in the capacity as GAL. Further, Ms. Hunter has a federal defense against the charged offenses based on Supremacy Clause Immunity and the First Amendment. The First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out. *Crawford–El v. Britton*, 523 U.S. 574, 592, 118 S.Ct. 1584, 140 L.Ed.2d 759. In this case, Ms. Hunter is suffering a retaliatory prosecution for performing acts she was appointed by the Federal Court to perform and protecting the civil rights of minors.

32. "But for" Ms. Hunter's commission of acts under the color of authority as a Court Officer for the United States District Court, the County of Los Angeles would *not* have commenced a felony criminal prosecution against Ms. Hunter for perjury.

33. On February 23, 2018, Ms. Hunter filed a Motion of Removal to the Federal Court pursuant to 28 USC 1442 and 1443. The State Court consequently responded on February 23, 2018 with a finding that the State Court no longer had **jurisdiction** absent a remand. Further, the Court ordered the Proceedings in the matter terminated pending further order of the Court. Moreover, the upon motion of the Court cleared the calendar and exonerated the bail.

34. On 6/4/19, Court issued bench warrant, then recalled that same warrant

on 12/17/19 and recalled it again on 7/21/20. There were no warrants found in the Case Summary after this date. See Case Summary, **Exhibit 4.**

35. Ms. Hunter collapsed on Mothers Day May, 8th 2022 after suffering injuries from realestate fraudsters attempting to steal real property. See case number 22STR001596.

36. Ms. Hunter was released from California Hospital in downtown Los Angeles on May 9th, 2022 where she was given a battery of tests to aid in diagnosing her ailments and documenting her injuries. She was found to be COVID negative. After arrival at a private residence in downtown Los Angeles, plain-clothes officers who identified themselves as law enforcement from the California DMV arrested her claiming she had a warrant.

37. As of May 9th, 2022 until today, May 16th, 2022, Ms. Hunter has been held in what was characterized as "quarantine" during which time she has not been able to make contact with an attorney or be heard by a judge. She was not able to make calls prior to Friday, May 13th and has a $200K bail. County Health Department claims that no quarantine restrictions should be in effect and they have provided no guidelines nor mandates which would prompt the County Jail to take such measures without seeking their recommendations. In effect, she has been kidnapped.

# V.

# Federal Questions

# Pursuant to 28 USC 1331

While 28 USC1447 (d) states that the State Court can continue proceedings after Removal up to conviction, However, in the case at bar, the State Court on Feb 23, 2018 upon the Court's own motion terminated the proceedings while the case was removed. Ultimately, the State Court's order coupled with the Petitioner's removal to Federal Court. Does pose a question as to waiver yet it appears there are other flaws in State Court jurisdiction For example the Appeals Court did not remand the case. Further, the statute of limitations expired and Ms. Hunter did not waive time. Ultimately, the State Court had loss jurisdiction and there was no obligation of the Federal Court to assist in reestablishing jurisdiction. Let us now examine some Federal Questions:

1. Question-When a case is removed to Federal Court pursuant to 1442 and 1443 and the State Court terminates jurisdiction by its own Order, can the State Court assume jurisdiction without a remand? If so what is the time frame? Is there a time frame with remand?

2. Question-When a case is removed to Federal Court pursuant to 1442 and 1443 and the State Court has terminated jurisdiction by its own Order, can it still issue a warrant?

3. Question-When a case is removed to Federal Court pursuant to 1442 and 1443 and the State Court terminates jurisdiction by its own Order, can they regain jurisdiction to proceed? If so what is the time frame? What other factors are considered as to jurisdiction other than remand?

4. Question-When a case is removed to Federal Court pursuant to 1442 and 1443 and the State Court terminates jurisdiction by its own Order, does the State Court waive the provisions of 1447(d) to proceed after removal?

5. Question-When a case is removed to Federal Court pursuant to 1442 and 1443 and the State Court terminates jurisdiction by its own Order, can the State Court modify or rescind its own order after 60 days?

6. Question-When a case is removed to Federal Court pursuant to 1442 and

1443, is a Federal Officer obligated to appear in state court after removal when the State Court has terminated all proceedings, exonerated the bail, removed all hearings from its calendar and ordered termination of its own jurisdiction?

7. Question-When a case is removed to Federal Court pursuant to 1442 and 1443 and the State Court terminates jurisdiction by its own Order, is a Federal Officer subject to prosecution by the State for alleged issues with their identification, when identification is necessary for them to perform their duties?

8. Question-When a case is removed to Federal Court pursuant to 1442 and 1443 and the State Court terminates jurisdiction by its own Order and Petitioner's statutorily guaranteed immunity under18 USC 3509(h)(3) is violated, what forum other than the Federal court might she use to litigate the issue?

9. Question-When a case is removed to Federal Court pursuant to 1442 and 1443 and the State Court terminates its own jurisdiction, can a State Court summons a private attorney via US Mail a year after it issued such Order and then Order him to advise a Federal Officer to appear in State Court?

10. Question-When a case is removed to Federal Court pursuant to 1442 and 1443 and the State Court terminates jurisdiction by its own Order in 2018, can it overcome its own Order approximately 4 years later?

11. Question-When a case is removed to Federal Court pursuant to 1442 and 1443 and the State Court has terminated jurisdiction by its own Order in February 23, 2018 is Petitioner subject to warrant when she possess a bail exoneration receipt number?

12. Is it constitutional for State Actors to serve a Federal Officer a Felony Complaint for Arrest Warrant unsigned by a judge while they are being illegally held on contempt in violation of 18 USC 3509 (h)(3) immunity?

13. Is it Constitutional for the State to arrest and detain a Petitioner 4 years and 2 months after the State Court ordered the case terminated and loss jurisdiction?

14. Is it Constitutional for the State to deny Petitioner counsel claiming that although she is  Covid negative that she needs to be quarantined?

15. Is it Constitutional for the State to deny Petitioner counsel claiming that although she is  Covid negative that she needs to be quarantined  4 years and 2

months after the State Court ordered it's case terminated and loss jurisdiction?

16. Is it Constitutional for the State to arrest and quarantine a Petitioner, 4 years and 2 months after the State Court ordered it's case terminated and loss jurisdiction but has state actors who have made false claims?

17. Is it Constitutional for the State to prevent Petitioner from seeing a Judge after arrest, 4 years and 2 months after the State Court ordered it terminated the case and loss jurisdiction?

18. Is it Constitutional for the State to deny Petitioner counsel  after arrest, 4 years and 2 months after the State Court ordered it terminated the case and loss jurisdiction?

19. Is it a violation of civil rights to not allow calls for four days after arrest, 4 years and 2 months after the State Court ordered it terminated the case and loss jurisdiction?

20. Is it Constitutional to order a private lawyer to find and "advise" a Petitioner to appear a year after termination and loss of jurisdiction?

21. Is it Constitutional to have a $200,000 bail on Petitioner, 4 years and 2 months after the State Court ordered it terminated the case and loss jurisdiction?

22. Is it Constitutional to use Covid funding for the malicious purpose of violating Petitioner rights?

23. Is it Constitutional to list Petitioner as having "private" counsel with an attorney who has not had recorded dealings with Petitioner in 4 years? Was it Constitutional to forego noticing the Public Defenders office in lieu of the event?

24. Is improper continuous Constitutional?

25. Is false aliment alibi for prosecutions (pending Covid) Constitutional?

26. Is the reckless precedent of re-arraignment which has no founding Constitutional?

27. Is an inflated bail bond amount Constitutional?

# VI.
## REQUEST FOR LEAVE TO FILE NOTICE AT LATER TIME

10.     Under Section 1455, a notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, **except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.**

11.     Ms. Hunter respectfully requests this Court grant leave to file this notice of removal notwithstanding the fact it was not presented within 30 days of arraignment.  On January 17, 2018, the Ninth Circuit for the Court of Appeal issued a dispositive order No. 16-50085, D.C No. 8:16-cr-00007-JAK-1 in Ms. Hunter's appeal brought under 28 USC 1442 on related matter. The appellate decision answered the question of whether a federally appointed GAL had the right to remove a state case to federal court. In that case although the Court dismissed the case as moot finding she waived her right to remove to federal court. The Court's ruling confirmed she indeed had the right to remove which she can choose to waive or not. In the herein case, Ms. Hunter choose to exercise the right to remove her case as an officer of the court under 28 USC 1442.

12.     Relying on the Ninth Circuit's January 17, 2018 decision, Ms. Hunter requested leave to file a notice of removal. With the understanding that until the

1   Ninth Circuit's Order, it would have been futile to file a notice of removal in

2   connection with the Los Angeles Superior Court criminal case in light of the

3
4   pending appeal on the same issue. Given that the appeal had been resolved less

5   than thirty (30) from the date of the request, Ms. Hunter filed a notice of removal

6
7   at the earliest practical opportunity following the Ninth Circuit's dispositive order

8   No. 16-50085.

9   At this time, Ms Hunter now ask the Federal Court to answer questions of law.

10

11

12  **WHEREFORE,** Ms. Hunter requests this Court order an evidentiary hearing be

13  held promptly and, after such hearing, make such disposition of the State

14  prosecution as justice shall require.

15

16

17  Dated: May 16, 2022                        **Respectfully submitted,**

18

19                                     By: *Pauline Clay Hunter*

20                                         **PAULINE CLAY HUNTER**

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION BY DEFENDANT PAULINE HUNTER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT ONE

NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION BY DEFENDANT PAULINE HUNTER CLAY

1  **KIRK ERICHSEN, Pro Per**
    **KRYSTAL ERICHSEN, Pro Per**
2  9663 Santa Monica Blvd. #17
    Beverly Hills, CA 90210
3  (310) 728-8298

4  Chandler A. Parker (#277902)
    IVIE, McNEILL & WYATT
5  444 S. Flower Street, 18th Floor
    Los Angeles, CA 90017-2919
6  (213) 489-0028 OFFICE
    (213) 489-0552 FAX
7  Email: cparker@imwlaw.com

8

9  Attorneys for Plaintiffs
    Z.E. and A.E., by and through their
10  Guardian ad litem, PAULINE CLAY
    HUNTER

11

12                  **UNITED STATES DISTRICT COURT**

13

14       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15

16  KIRK ERICHSEN, an individual;    CASE NO: CV14-2357-JAK (SSx)

17  KRYSTAL ERICHSEN, an individual;
    PAULINE CLAY HUNTER, guardian    [PROPOSED] ORDER
18  ad litem for Z.E, a minor, A.E, a minor;  APPOINTING PAULINE CLAY

19                       HUNTER AS GUARDIAN AD
                Plaintiffs.    LITEM
20

21             vs.

22  COUNTY OF ORANGE, et al.
23

24             Defendants
25

26

27        **ORDER APPOINTING GUARDIAN AD LITEM**

28

                          1

FILED
CLERK, U.S. DISTRICT COURT

MAR 31 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1    The Court, having considered the application of PAULINE CLAY

2  HUNTER for appointment as Guardian Ad Litem for A.E. and Z.E., minor

3  Plaintiffs, in the above action and good cause appearing, IT IS ORDERED that

4  PAULINE CLAY HUNTER be appointed Guardian Ad Litem for A.E. and Z.E. in

5  the above action.

6

7

8  Dated: 3/31/14                                    MICHAEL R WILNER

9                                      UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

**[PROPOSED] ORDER APPOINTING PAULINE CLAY HUNTER AS
GUARDIAN AD LITEM**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT TWO

NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION BY DEFENDANT PAULINE HUNTER CLAY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br><br>v.<br><br>**01  PAULINE HUNTER  (DOB: 08/15/1945),<br>aka PAULINE CLAY**<br>Defendant(s). | **CASE NO. BA453787**<br><br><br>*FELONY COMPLAINT<br>FOR ARREST WARRANT* |

The undersigned is informed and believes that:

### COUNT 1

On or about June 5, 2012, in the County of Los Angeles, the crime of PERJURY - APPLICATION FOR DRIVER'S LICENSE, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by PAULINE HUNTER, who being a person who testified, declared, deposed, and certified under penalty of perjury in a case in which such testimony, declaration, deposition, and certification is permitted by law under penalty of perjury, to wit, an application for a California Driver's License, did state as true a material matter which he/she knew to be false, to wit: DMV application DL 44 to wit R0018763.

\* \* \* \* \*

### COUNT 2

On or about August 30, 2013, in the County of Los Angeles, the crime of PERJURY - APPLICATION FOR DRIVER'S LICENSE, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by PAULINE HUNTER, who being a person who testified, declared, deposed, and certified under penalty of perjury in a case in which such testimony, declaration, deposition, and certification is permitted by law under penalty of perjury, to wit, an application for a California Driver's License, did state as true a material matter which he/she knew to be false, to wit: DMV application DL 44 to wit R0018763.

\* \* \* \* \*

## COUNT 3

On or about March 14, 2014, in the County of Los Angeles, the crime of PERJURY - APPLICATION FOR DRIVER'S LICENSE, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by PAULINE HUNTER, who being a person who testified, declared, deposed, and certified under penalty of perjury in a case in which such testimony, declaration, deposition, and certification is permitted by law under penalty of perjury, to wit, an application for a California Driver's License, did state as true a material matter which he/she knew to be false, to wit: DMV application DL 44 to wit N8076799.

\* \* \* \* \*

## COUNT 4

On or about May 22, 2014, in the County of Los Angeles, the crime of PERJURY - APPLICATION FOR DRIVER'S LICENSE, in violation of PENAL CODE SECTION 118(a), a Felony, was committed by PAULINE HUNTER, who being a person who testified, declared, deposed, and certified under penalty of perjury in a case in which such testimony, declaration, deposition, and certification is permitted by law under penalty of perjury, to wit, an application for a California Driver's License, did state as true a material matter which he/she knew to be false, to wit: DMV application DL 44 to wit N8076799.

\* \* \* \* \*

**NOTICE:** Conviction of this offense will require the defendant to provide DNA samples and print impressions pursuant to Penal Code sections 296 and 296.1. Willful refusal to provide the samples and impressions is a crime.

**NOTICE:** The People of the State of California intend to present evidence and seek jury findings regarding all applicable circumstances in aggravation, pursuant to Penal Code section 1170(b) and *Cunningham v. California* (2007) 549 U.S. 270.

**NOTICE:** A Suspected Child Abuse Report (SCAR) may have been generated within the meaning of Penal Code §§ 11166 and 11168 involving the charges alleged in this complaint. Dissemination of a SCAR is limited by Penal Code §§ 11167 and 11167.5 and a court order is required for full disclosure of the contents of a SCAR.

**NOTICE:** Any allegation making a defendant ineligible to serve a state prison sentence in the county jail shall not be subject to dismissal pursuant to Penal Code § 1385.

**NOTICE:** Conviction of this offense prohibits you from owning, purchasing, receiving, possessing, or having under your custody and control any firearms, and effective January 1, 2018, will require you to complete a Prohibited Persons Relinquishment Form ("PPR") pursuant to Penal Code § 29810.

Further, attached hereto and incorporated herein are official reports and documents of a law enforcement agency which the undersigned believes establish probable cause for the arrest of defendant(s) PAULINE HUNTER for the above-listed crimes.  Wherefore, a warrant of arrest is requested for PAULINE HUNTER.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER BA453787, CONSISTS OF 4 COUNT(S).

Executed at LOS ANGELES, County of Los Angeles, on January 20, 2017

_____
E. CASTELLON
DECLARANT AND COMPLAINANT

JACKIE LACEY,  DISTRICT ATTORNEY

BY: _____
TAL KAHANA, DEPUTY

AGENCY:   CALIF DEPT OF MOTOR VEHICLES    I/O: E. CASTELLON    ID NO.: 472    PHONE : (916) 657-6469

DR NO.:   16M3D41441    OPERATOR: MHM    PRELIM. TIME EST.:   2 HOUR(S)

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY RTN DATE |
|---|---|---|---|---|---|
| HUNTER, PAULINE | | 8/15/1945 | | $180,000 | |

It appearing to the Court that probable cause exists for the issuance of a warrant of arrest for the above-named defendant(s), the warrant is so ordered.

PAULINE HUNTER        BAIL: $_____

DATE: _____      _____
                                        Judge of the Above Entitled Court

**FELONY COMPLAINT FOR ARREST WARRANT**

NON-WARRANT DEFENDANTS:

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|-----------|---------|-----|-------------|--------------|-------------------|
|           |         |     |             |              |                   |

## FELONY COMPLAINT -- ORDER HOLDING TO ANSWER -- P.C. SECTION 872

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

**PAULINE HUNTER**

| Ct. | Charge | Charge Range | Allegation | Alleg. Effect |
|-----|--------|--------------|------------|---------------|
| 1 | PC 118(a) | 2-3-4 County Jail | | |
| 2 | PC 118(a) | 2-3-4 County Jail | | |
| 3 | PC 118(a) | 2-3-4 County Jail | | |
| 4 | PC 118(a) | 2-3-4 County Jail | | |

I order that the defendant(s) be held to answer therefore and be admitted to bail in the sum of:

PAULINE HUNTER                                 _____ Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given.  Date of arraignment in Superior Court will be:

PAULINE HUNTER                                 _____ in Dept _____

at: _____ A.M.

Date: _____                    _____
                                          *Committing Magistrate*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT THREE

NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION BY DEFENDANT PAULINE HUNTER CLAY

E. CASTELLON #472   OPPOSE OR   DDA KAHANA
DMV INV. 213-744-7606   (YES)  NO   (213) 744-7590

## DECLARATION FOR BAIL DEVIATION

THE UNDER SIGNED HEREBY DECLARES. PURSUANT TO PENAL CODE SECTION 1269c.
THAT THERE IS REASONABLE CAUSE FOR ME TO BELIEVE THE AMOUNT OF BAIL SET
FORTH IN THE FELONY BAIL SCHEDULED IS INSUFFICIENT TO ASSURE THE ARRESTEE'S
APPEARANCE BECAUSE OF THE FOLLOWING FACTS AND CIRCUMSTANCES:

RAP SHEET SHOWS               X   ALIASES
                              X   DATES OF BIRTH
                              X   DRIVER'S LICENSES
                              X   SOCIAL SECURITY NUMBERS

LISTED AS A TRANSIENT
PROBABLE ILLEGAL ALIEN -- PREVIOUSLY DEPORTED  Ø  TIMES
WARRANTS   Δ HAS ENGAGED IN PERJURY + MULTIPLE ID'S SINCE 1991
SHE IS WANTED FOR FEDERAL WEAPONS INVESTIGATION BY OC
SHE IS A PROBABLE SCAM ARTIST WITH NO TIES
TO THE COMMUNITY, JOB, OR ADDRESS

X   OTHER   NO KNOWN ADDRESSES
NON COOPERATIVE W/ COURT

THE INFORMATION PRESENTED IN THE ARRAIGNMENT INFORMATION AND BAIL COMPUTATION
FORM IS HEREBY INCORPORATED BY REFERENCE.

WHEREFORE, I REQUEST DEVIATION FROM THE FELONY BAIL SCHEDULE AND I BELIEVE THAT THE
BAIL SHOULD BE FIXED IN THE SUM OF $180,000

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE
BEST OF MY KNOWLEDGE

DATED   1/19/17                              #472
                              SIGNATURE OF DECLARANT

AT  LOS ANGELES   CALIFORNIA     ED CASTELLON

DA Case No 23775566

## Felony Bail Computation Worksheet

1  Name of Arrestee: *Pauline Hunter Clay*
2  List all offenses: *118a & 4*

### Base Bail (see Felony Bail Schedule at pages 5-22)                                                    AMOUNT

Of the offenses listed in 2, which carries the highest bail schedule amount?
3  *List code and section number here:*                                            *118a*        20,000

*List the bail schedule amount for that offense in 3a.*                                              3a

Is arrestee charged with two or more offenses? *If yes, move to 3b and 3c.  If no, move to 4*                    YES

Were additional offenses committed against separate victims OR were the offenses                          20,000
committed on separate dates? *If yes, list the sum of the bail schedule amount(s) for*
3b  *each additional offense committed against a separate victim and/or on a separate*             3b   20,000
*date in 3b.*                                                                                            20,000

Were additional separate sex acts committed on the same victim AND may each
3c  act be punished separately? *If yes, list the sum of the bail schedule amounts for*
*each additional separate sex act in 3c.*                                                           3c

*If no to 3b and 3c, base bail is only the bail amount for the offense listed in 3a*

### Enhancements (see Felony Bail Schedule at page 23)

4  Was the offense committed for the benefit of a gang?                        If yes, add $40,000    4
5  Was a weapon involved? *If yes, add only the greatest of 5a-5d. If no weapon, move to 6*

5a  Did the arrestee personally discharge a firearm,
causing GBI or death?                                                       If yes, add $1,000,000  5a

5b  Did the arrestee personally discharge a firearm, not
causing GBI/death?                                                          If yes, add $200,000   5b

5c  Did the offense involve possession, use, or discharge
of a firearm?                                                               If yes, add $50,000    5c

5d  Did the arrestee use a weapon other than a firearm?                       If yes, add $20,000    5d
6  Did the offense involve infliction of GBI?                                 If yes, add $30,000    6

7  Does the arrestee have any prior convictions? *If no prior convictions, move to 8*

Is the arrestee charged with a current narcotics sale
7a  AND does the arrestee have a prior conviction for                          If yes, add $30,000 per prior
narcotics sale per Penal Code section 11370.2                                          conviction 7a
during the past 5 years?

7b  Does the arrestee have a prior conviction for a                           If yes, add $50,000 per prior
serious or violent felony or enumerated sex offense?                                    conviction 7b

Is the arrestee charged with a serious or violent
7c  felony AND does the arrestee have two or more
convictions for serious or violent felonies?                                If yes, add $1,000,000 7c

7d  Has the arrestee served a prison term during the
past 5 years?                                                              If yes, add $10,000 per term 7d

8  Are there any other enhancements to be added? *If no other enhancements, move to 9*

8a  Is the crime a hate crime?                                                 If yes, add $25,000    8a

8b  Is the victim over 65, under 15, or disabled AND is the
crime enumerated in Penal Code sections 667.9-667.10?                       If yes, add $25,000    8b

*Add only once:* Are there other felony charges pending
8c  against arrestee, or is the arrestee on parole, felony
probation, or probation department supervision?                            If yes, add $25,000    8c

*If base bail is less than $1,000,000 and neither 6a nor 8c*
8d  *apply:* Does the offense carry a possible term of life
imprisonment?                                                              If yes, add $1,000,000 8d

9  Add lines 3a through 8d.                                              **This is the Total Bail:** 9   180,000

_____                     472
Name of Person Completing Form          Badge/ID #

If Law Enforcement, Do You
Oppose O/R Release?   ☒ Yes   ☐ No

If deviation from Felony Bail Schedule is sought, please attach request and supporting documentation.

CRIM-208 Felony Computation Worksheet (01-2015)

Exhibit
4

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NO. BA453787                                          PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA     VS.        CURRENT DATE 05/11/22
DEFENDANT 01: PAULINE  HUNTER
LAW ENFORCEMENT AGENCY EFFECTING ARREST: DEPARTMENT OF MOTOR VEHICLES

BAIL: APPEARANCE  AMOUNT    DATE      RECEIPT OR  SURETY COMPANY    REGISTER
      DATE      OF BAIL   POSTED      BOND NO.                     NUMBER
      07/21/17  $100,000.00 07/17/17 5105705196  BANKERS INSURANCE CO

CASE FILED ON 09/01/17.
INFORMATION FILED ON 09/14/17.
OFFENSE(S):
     COUNT 01: 118(A) PC FEL
     COUNT 02: 118(A) PC FEL
     COUNT 03: 118(A) PC FEL
     COUNT 04: 118(A) PC FEL
     COUNT 05: 118(A) PC FEL
     COUNT 06: 118(A) PC FEL
COMMITTED ON OR ABOUT 06/05/12 IN THE COUNTY OF LOS ANGELES

NEXT SCHEDULED EVENT:
  09/14/17   830 AM  ARRAIGNMENT   DIST CENTRAL DISTRICT DEPT 121


ON 09/12/17 AT  900 AM :

   TRANSCRIPTS RECEIVED ON 09-11-17 FROM COURT REPORTER L. NISHIMOT
   O FOR PRELIMINARY HEARING DATE 09-01-17. TRANSCRIPTS DELIVERED
   TO DEPARTMENT 121 MAIL BIN BY L. KENDALL. AUDITED BY L. KENDALL.
MATTER PREV SET/REMAIN ON CLDR


ON 09/14/17 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR ARRAIGNMENT
PARTIES: NORM SHAPIRO (JUDGE)  MICHAEL TORRES  (CLERK)
         SANDRA BIRES  (REP)    NIPA G. COOK  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY CHANDLER A. PARKER PRIVATE
   COUNSEL

   INFORMATION FILED AND THE DEFENDANT IS ARRAIGNED.
DEFENDANT STATES HIS/HER TRUE NAME AS CHARGED.
DEFENDANT WAIVES ARRAIGNMENT, READING OF INFORMATION/INDICTMENT, AND STATEMENT
OF CONSTITUTIONAL AND STATUTORY RIGHTS.
DEFENDANT WAIVES FURTHER ARRAIGNMENT.
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 118(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 02, 118(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 03, 118(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 04, 118(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 05, 118(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 06, 118(A) PC.
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
   -DDA: TAL KAHANA # 198828

CASE NO. BA453787                                          PAGE NO.   2
DEF NO.  01                                               DATE PRINTED 05/11/22

    DEPARTMENT 116 CALLING MATTER FOR DEPARTMENT 121.

    PRETRIAL CONFERENCE/ TRIAL SETTING IS SET ON 11-6-17 AS DAY
    0/30.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
11/06/17   830 AM   PRETRIAL CONF/TRIAL SETTING     DIST CENTRAL DISTRICT DEPT 121

CUSTODY STATUS: BAIL TO STAND


ON 09/18/17 AT  830 AM :

    -TAL KAHANA, DDA / LAST DAY 12-6-17
    FORMAL DISCOVERY REQUEST PURSUANT TO PENAL CODE SECTIONS 1054.3
    AND 1054.5, IS FILED BY THE PEOPLE.



ON 11/06/17 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR PRETRIAL CONF/TRIAL SETTING
PARTIES: RICHARD S. KEMALYAN (JUDGE)  JOHN CAMPA  (CLERK)
                SANDRA BIRES       (REP)  TAL KAHANA  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY CHANDLER A. PARKER PRIVATE
    COUNSEL
THE COURT ORDERS A PRE-PLEA REPORT PURSUANT TO PENAL CODE SECTION 1203.7.
THE DEFENDANT'S COUNSEL DOES NOT CONSENT TO A PRE-PLEA INTERVIEW.
    -TAL KAHANA, DDA / LAST DAY 2-9-18 / BOND $100K
    ADDITIONAL DISCOVERY REMAINS OUTSTANDING. CAUSE IS FURTHER
    CONTINUED TO 1-10-18 AT 8:30 A.M. FOR PRETRIAL CONFERENCE.

    COURT ORDERS AND FINDINGS:
    -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
 BY STIPULATION CAUSE CONTINUED TO
  01/10/18   830 AM   PRETRIAL CONFERENCE   DIST CENTRAL DISTRICT DEPT 121


CUSTODY STATUS: BAIL TO STAND


ON 01/10/18 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR PRETRIAL CONFERENCE
PARTIES: RICHARD S. KEMALYAN (JUDGE)  JOHN CAMPA  (CLERK)
                SANDRA BIRES       (REP)  TAL KAHANA  (DA)
DEFENDANT IS  NOT PRESENT IN COURT, BUT REPRESENTED BY CHANDLER A. PARKER
    PRIVATE COUNSEL
    -TAL KAHANA, DDA / LAST DAY 2-9-18 / BOND $100K
    DEFENSE COUNSEL'S MOTION TO ISSUE AND HOLD A BENCH WARRANT
    UNTIL 1-11-18, IS GRANTED. BAIL REMAINS UP TO STAND PURSUANT TO
    PENAL CODE SECTION 1305.1; GOOD CAUSE IS FOUND.
    COURT ORDERS AND FINDINGS:
    -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
 UPON MOTION OF DEFENDANT

CASE NO. BA453787
DEF NO. 01

PAGE NO. 3
DATE PRINTED 05/11/22

01/11/18   830 AM   BENCH WARRANT HOLD   DIST CENTRAL DISTRICT DEPT 121

CUSTODY STATUS: BAIL TO STAND


ON 01/11/18 AT 830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR BENCH WARRANT HOLD
PARTIES: RICHARD S. KEMALYAN (JUDGE)  JOHN CAMPA  (CLERK)
         SANDRA BIRES        (REP)  TAL KAHANA  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY CHANDLER A. PARKER PRIVATE
COUNSEL
  -TAL KAHANA, DDA / LAST DAY 3-15-18 / BOND $100K / X#2183610
  DEFENDANT TO OBTAIN NEW PRIVATE COUNSEL. CAUSE IS FURTHER
  CONTINUED TO 2-13-18 AT 8:30 A.M. FOR PRETRIAL CONFERENCE AND
  STATUS OF NEW COUNSEL. BENCH WARRANT PREVIOUSLY HELD IS RECALLED
  AND QUASHED.


  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
 UPON MOTION OF DEFENDANT
  02/13/18   830 AM   PRETRIAL CONFERENCE   DIST CENTRAL DISTRICT DEPT 121

CUSTODY STATUS: BAIL TO STAND


ON 02/13/18 AT 830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR PRETRIAL CONFERENCE
PARTIES: RICHARD S. KEMALYAN (JUDGE)  JOHN CAMPA  (CLERK)
         LATOYA BECKFORD       (REP)  TAL KAHANA  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY CHANDLER A. PARKER PRIVATE
COUNSEL
  -TAL KAHANA, DDA / LAST DAY 3-15-18 / BOND $100K / X#2183610

  CAUSE IS FURTHER TRAILED TO 2-23-18 AT 8:30 A.M. FOR PRETRIAL
  CONFERENCE.

  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
 UPON MOTION OF DEFENDANT
  02/23/18   830 AM   PRETRIAL CONFERENCE   DIST CENTRAL DISTRICT DEPT 121

CUSTODY STATUS: BAIL TO STAND


ON 02/23/18 AT 830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR PRETRIAL CONFERENCE
PARTIES: RICHARD S. KEMALYAN (JUDGE)  JOHN CAMPA  (CLERK)
         GEORGETTE RODARTE     (REP)  TAL KAHANA  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY CHANDLER A. PARKER PRIVATE
COUNSEL
  DEFENDANT HAS FILED A MOTION OF REMOVAL TO FEDERAL COURT
  PURSUANT TO 28 USC 1442 AND 1443. CONSEQUENTLY, THE COURT FINDS
  IT NO LONGER HAS JURISDICTION ABSENT REMAND. PROCEEDINGS IN THIS

CASE NO. BA453787                                    PAGE NO.   4
DEF NO.  01                                          DATE PRINTED 05/11/22

 MATTER ARE TERMINATED PENDING FURTHER ORDER OF THE COURT.
NEXT SCHEDULED EVENT:
 UPON MOTION OF COURT
PROCEEDING TERM & CLDR CANCEL

CUSTODY STATUS: BAIL EXONERATED


ON 06/11/18 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: RICHARD S. KEMALYAN (JUDGE)  JOHN CAMPA  (CLERK)
               NONE       (REP)  TAL KAHANA  (DA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
 CAUSE IS SCHEDULED ON 8-10-18 FOR STATUS REPORT RE: DEFENDANT'S
 MOTION OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 USC 1442 AND
 1443.

NEXT SCHEDULED EVENT:
 UPON MOTION OF COURT
 08/10/18   830 AM  JUDICIAL ACTION   DIST CENTRAL DISTRICT DEPT 121


ON 08/08/18 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: RICHARD S. KEMALYAN (JUDGE)  JOHN CAMPA  (CLERK)
            SANDRA BIRES       (REP)  TAL KAHANA  (DA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
 CAUSE IS CONTINUED TO 11-9-18 FOR STATUS REPORT RE: DEFENDANT'S
 MOTION OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 USC 1442 AND
 1443. THE MATTER IS STILL PENDING.
NEXT SCHEDULED EVENT:
 UPON MOTION OF COURT
 11/09/18   830 AM  JUDICIAL ACTION   DIST CENTRAL DISTRICT DEPT 121


ON 11/07/18 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: RICHARD S. KEMALYAN (JUDGE)  JOHN CAMPA  (CLERK)
               NONE       (REP)  TAL KAHANA  (DA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
 THIS MATTER IS STILL PENDING IN FEDERAL COURT. CAUSE IS FURTHER
 CONTINUED TO 2-8-19 FOR STATUS REPORT RE: DEFENDANT'S MOTION OF
 REMOVAL TO FEDERAL COURT PURSUANT TO 28 USC 1442 AND 1443.

NEXT SCHEDULED EVENT:
 02/08/19   830 AM  JUDICIAL ACTION   DIST CENTRAL DISTRICT DEPT 121


ON 02/08/19 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR JUDICIAL ACTION
PARTIES: RICHARD S. KEMALYAN (JUDGE)  DELYS FANG  (CLERK)
            CHRISTINA VALERY      (REP)  TAL KAHANA  (DA)

CASE NO. BA453787                           PAGE NO.   5
DEF NO. 01                                  DATE PRINTED 05/11/22

DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  -DDA: TAL KAHANA / RE-ARRAIGNMENT + REMOVAL TO FEDERAL COURT

  THE PEOPLE PROVIDE AN UPDATE REGARDING THE DEFENDANT'S MOTION OF
  REMOVAL TO FEDERAL COURT PURSUANT TO 28 USC 1442 AND 1443.

  THE CLERK OF THE COURT IS TO CONTACT ATTORNEY OF RECORD
  CHANDLER A. PARKER REGARDING SCHEDULING A DATE TO BRING THE
  DEFENDANT IN FOR RE-ARRAIGNMENT.

  THE CLERK OF THE COURT HAS NOTIFIED ATTORNEY CHANDLER A. PARKER
  TELEPHONICALLY AT 213-489-0028 AND LEFT A VOICE MESSAGE, VIA
  FACSIMILE AT 213-489-0552, AND THROUGH U.S. POSTAL SERVICE
  AT 444 S. FLOWER ST, 18 FLOOR, SUITE 1800, LOS ANGELES, CA 90071
  TO CONTACT THE COURT REGARDING SCHEDULING.
NEXT SCHEDULED EVENT:
ARRAIGNMENT PENDING



ON 04/26/19 AT  900 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR JUDICIAL ACTION
PARTIES: RICHARD S. KEMALYAN (JUDGE)  JOSEPH PULIDO  (CLERK)
              CHRISTINA VALERY     (REP)  TAL KAHANA  (DA)
DEFENDANT IS  NOT PRESENT IN COURT, BUT REPRESENTED BY CHANDLER A. PARKER
  PRIVATE COUNSEL
  -X2182610
  -DDA:TAL KAHANA

  DEFENDANT PAULINE HUNTER HAD PREVIOUSLY FILED A MOTION OF
  REMOVAL OF THIS MATTER TO FEDERAL COURT AND THE COURT
  DETERMINED THAT PURSUANT TO 28 USC 1442 AND 1443 THAT IT
  NO LONGER HAD JURISDICTION - ABSENT REMAND.

  THE BAIL BOND WAS ORDERED EXONERATED.

  PROCEEDINGS WERE ORDERED TERMINATED ON FEBRUARY 23, 2018

  PENDING FURTHER ORDER BY THIS COURT.

  THE COURT WAS PROVIDED AN UPDATE BY THE PEOPLE REGARDING
  THE DEFENDANT'S PRIOR MOTION OF REMOVAL TO FEDERAL COURT
  AND THE COURT ON FEBRUARY 08, 2019 DIRECTED THE CLERK OF
  THE COURT TO NOTIFY DEFENSE COUNSEL TO SCHEDULE ON HEARING
  ON THIS MATTER IN DEPARTMENT 121.

  AS MORE FULLY REFLECTED IN THE NOTES OF THE OFFICIAL COURT
  REPORTER, PROCEEDING IN CASE BA453787-01 ARE ORDERED
  SUSPENDED AND THE COURT ORDERS ATTORNEY CHANDLER A. PARKER
  TO ADVISE DEFENDANT PAULINE HUNTER TO APPEAR BEFORE THIS
  COURT IN DEPARTMENT 121 ON THE DATE OF MAY 10, 2019.

  BOTH COUNSEL ORDERED TO RETURN TO DEPARTMENT 121 ON MAY 10,

CASE NO. BA453787
DEF NO. 01

PAGE NO.   6
DATE PRINTED 05/11/22

2019.
NEXT SCHEDULED EVENT:
    05/10/19   830 AM  RESTORATION HEARING    DIST CENTRAL DISTRICT DEPT 121


ON 05/10/19 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR RESTORATION HEARING
PARTIES: RICHARD S. KEMALYAN (JUDGE)  ERIKA CANELA (CLERK)
              NONE      (REP) NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
    THE MATTER WAS CALENDARED FOR THE INCORRECT DATE AND WAS TAKEN
    OFF-CALENDAR.  THE MATTER IS CALENDARED FOR THE CORRECT DATE
    AS INDICATED BELOW.
NEXT SCHEDULED EVENT:
    05/17/19   830 AM  RESTORATION HEARING    DIST CENTRAL DISTRICT DEPT 121


ON 05/17/19 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR RESTORATION HEARING
PARTIES: RICHARD S. KEMALYAN (JUDGE)  ERIKA CANELA (CLERK)
              CHRISTINA VALERY    (REP) TAL KAHANA  (DA)
DEFENDANT IS  NOT PRESENT IN COURT, BUT REPRESENTED BY CHANDLER A. PARKER
    PRIVATE COUNSEL
    -DDA: TAL KAHANA

    DEFENSE COUNSEL INFORMS THE COURT THAT THE DEFENDANT IS NOT
    HERE BECAUSE HE HAD DIFFICULTY LOCATING THE DEFENDANT BUT
    HAS NOW LOCATED HER. HE STATES HE DID ADVISE THE DEFENDANT THAT
    THE COURT REQUESTS HER APPEARANCE.

    THE PEOPLE STATE THE COURT HAS JURISDICTION TO ISSUE A BENCH
    WARRANT BUT DID NOT CITE ANY CASE LAW.

    THE MATTER IS CONTINUED TO MAY 21, 2019, AT 8:30 A.M. IN
    DEPARTMENT 121 FOR FURTHER PROCEEDINGS.

    THE COURT ORDERS ATTORNEY CHANDLER A. PARKER TO ADVISE THE
    DEFENDANT PAULINE HUNTER TO APPEAR BEFORE THIS COURT IN
    DEPARTMENT 121 ON THE DATE OF MAY 21, 2019.
NEXT SCHEDULED EVENT:
    05/21/19   830 AM  FURTHER PROCEEDINGS    DIST CENTRAL DISTRICT DEPT 121


ON 05/21/19 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: RICHARD S. KEMALYAN (JUDGE)  ERIKA CANELA (CLERK)
              CHRISTINA VALERY     (REP) TAL KAHANA  (DA)
DEFENDANT IS  NOT PRESENT IN COURT, BUT REPRESENTED BY CHANDLER A. PARKER
    PRIVATE COUNSEL
    -DDA: TAL KAHANA          FURTHER PROCEEDINGS/BENCH WARRANT HOLD

    THE COURT IS INFORMED THAT THE DEFENDANT IS NOT PRESENT BUT WAS

CASE NO. BA453787                                       PAGE NO.   7
DEF NO.  01                                             DATE PRINTED 05/11/22

INFORMED TO APPEAR FOR THE HEARING BY HER COUNSEL.

THE PARTIES STATE THAT THE COURT HAS JURISDICTION TO PROCEED
UP TO JUDGMENT BEING ENTERED EVEN THOUGH THE MATTER HAS BEEN
REMOVED PURSUANT TO 28 USC 1455(B)(3).

THE MATTER IS CONTINUED TO JUNE 3, 2019, AT 8:30 A.M. IN
DEPARTMENT 121 FOR FURTHER PROCEEDINGS.

THE COURT ISSUES AND HOLDS A BENCH WARRANT TO 6/3/19.
NEXT SCHEDULED EVENT:
  06/03/19   830 AM   FURTHER PROCEEDINGS    DIST CENTRAL DISTRICT DEPT 121


ON 06/03/19 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR FURTHER PROCEEDINGS

PARTIES: RICHARD S. KEMALYAN (JUDGE)  ERIKA CANELA  (CLERK)
               CHRISTINA VALERY     (REP)  TAL KAHANA  (DA)
DEFENDANT IS  NOT PRESENT IN COURT, BUT REPRESENTED BY CHANDLER A. PARKER
  PRIVATE COUNSEL
  -DDA: TAL KAHANA        REARRAIGNMENT/ BENCH WARRANT HOLD

DEFENSE COUNSEL TELEPHONICALLY REQUESTS TO TRAIL THE MATTER
TO JUNE 4, 2019, AT 8:30 A.M. IN DEPARTMENT 121 FOR FURTHER
PROCEEDINGS.
NEXT SCHEDULED EVENT:
  06/04/19   830 AM   FURTHER PROCEEDINGS    DIST CENTRAL DISTRICT DEPT 121


ON 06/04/19 AT  830 AM  IN CENTRAL DISTRICT DEPT 121

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: RICHARD S. KEMALYAN (JUDGE)  ERIKA CANELA  (CLERK)
               CHRISTINA VALERY     (REP)  TAL KAHANA  (DA)
THE DEFENDANT FAILS TO APPEAR, WITHOUT SUFFICIENT EXCUSE AND REPRESENTED BY
CHANDLER A. PARKER PRIVATE COUNSEL

MATTER IS CALLED FOR HEARING AND THE DEFENDANT FAILS TO APPEAR.

BENCH WARRANT, ORDERED ON 05/21/19 AND HELD TO THIS
DATE, IS NOW ORDERED ISSUED.

THE COURT ORDERS A BENCH WARRANT ISSUED. BAIL IS SET IN THE
AMOUNT OF $200,000.

DEFENSE COUNSEL INFORMS THE COURT THAT HE WILL BE ASKED TO BE
RELIEVED ONCE THE DEFENDANT IS RE-ARRAIGNED.
NEXT SCHEDULED EVENT:
BENCH/WARRANT ISSUED

06/04/19 BENCH WARRANT IN THE AMOUNT OF $200,000.00 BY ORDER OF JUDGE RICHARD
    S. KEMALYAN ISSUED. (06/04/19).

12/17/19 BENCH WARRANT IN THE AMOUNT OF $200,000.00   RECALLED. (12/17/19).

CASE NO: BA453787                                   PAGE NO.   8
DEF NO.  01                                         DATE PRINTED 05/11/22

06/04/19 BENCH WARRANT IN THE AMOUNT OF $200,000.00 BY ORDER OF JUDGE RICHARD
        S. KEMALYAN ISSUED. (12/17/19).

07/21/20 BENCH WARRANT IN THE AMOUNT OF $200,000.00    RECALLED. (07/21/20).

06/04/19 BENCH WARRANT IN THE AMOUNT OF $200,000.00 BY ORDER OF JUDGE RICHARD
        S. KEMALYAN ISSUED. (07/21/20).

07/21/20 BENCH WARRANT IN THE AMOUNT OF $200,000.00    RECALLED. (07/21/20).

06/04/19 BENCH WARRANT IN THE AMOUNT OF $200,000.00 BY ORDER OF JUDGE RICHARD
        S. KEMALYAN ORDERED/ISSUED. (07/21/20).


ON 05/11/22 AT  830 AM  IN CENTRAL DISTRICT DEPT 121


CASE CALLED FOR BENCH WARRANT HEARING
PARTIES: RICHARD S. KEMALYAN (JUDGE)  KELVIN HOANG  (CLERK)
               NONE       (REP)  TAL KAHANA  (DA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
BAIL SET AT $200,000
    THE COURT IS INFORMED THE DEFENDANT IS PENDING COVID RESULTS
    AND HAS NOT BEEN CLEARED FOR TRANSPORT. THE MATTER IS CONTINUED
    FOR BENCH WARRANT HEARING ON MAY 17, 2022
    AT 8:30 A.M., IN DEPARTMENT 121.
NEXT SCHEDULED EVENT:
    05/17/22   830 AM  BENCH WARRANT HEARING   DIST CENTRAL DISTRICT DEPT 121

CUSTODY STATUS: DEFENDANT REMANDED.